Per curiam

The caveator was settled upon a tract of appropriated laud for many years, and supposed the land now in dispute to be included within his boundaries when in fact it was not. Tins possession is stated to have been upwards of twenty one years. It is now alleged, the jury iiave found an iiupeopi r verdín in deciding the eight oi'enlry to be in the caveatee. L is argued, that the ca-vesitor is entitled, either under the entry laws, the act of limitations, or the an for limiting the claims of the. St.de. We will consider each in its order. The act of 1777,, ch. 1 sec. 16, entitles Such as liad actually possessed or improved any vacan!, lands, in preferenc-' to all others, to enter and obtain grants for tin* s-une, so that such entries be made before the firs' of January, 1779. Under this act, possession gives a right of pre-emption for a er-tain time. The. right is lemporary, and expires if not exei ted before the period limit ul by the act ; and mo land became free for all person ■> who -nay chuso to eider and pay for it. He has no rights under this act, for lie did not enter within the prescriben time. Then the act of 1779. ch. 7, sec. 2, is relied on, which enacts that persons wlio,nave settled within the hounds of a former entry or survey, and have improved and continued in peaceable possession for seven years, without interruption by or from the person claiming, or declaration of rigid to the person possessed unuer such entry or survey* the person claiming under such firmer entry or survey, shall be forever barred of his right of entry of the land in question, and preference shall be given to him who settled on and continued peaceable possession of the same, &e. It is argued, that a possession of seven yetrs under this act, giws a tide to the- possessor. ■i he object of this clause, is to correct the generality of the clause in the act of *539 .1777. By that or former entry or survey in Lord Gran-mile’s office, entitled the e.nteivr to a preference of entry in ours ; and by virtue of such former entry, he might turn a man oul of possession, who perhaps knew nothing of the former entry and had settled upon the land and improved it and never had any intimation for seven years from the former enterer, of his pretensions to it. This was a hardship arising under the former law, and rh" Legislature meant to alter it, by declaring that such possession should entitle the possessor to pre-emption, rather than tlie former enterer. They did not intend to give him a property or dominion in she laud, without entering it, and paying for it to tne State ; and of necessity, this right of pre-emption must be. exercised win-in some Limited time — for if it was confined to no limits, he might never enter at al!, and might always destroy another’s .entry, hy proving his seven year’s possession, and so hold the land always, without either entering it or paying for it. This act was made in January, 1779, but was intend* ,ed to regulate disputes that had arisen or might arise under the former act, and to empower juries to decide in .favor of possession, where the former enterer had entered in the new office, before the first of January, 1779, or where the possessor had entered before th t time ; for no dispute, could arise where the possessor had entered, or might enter after the first of January, 1779 — the former enterer having made no claim before. The words il which may hereafter arise,” -refer to disputes to arise upon ca.veats to be entered, or suspensions upon claims (hen already entered. If therefore the possessor for seven years, who had a right of pre-emption, did not exert, that right before the time limited by the. former act, it expired — the former enterer is forever barred to claim by virtue of his former entry but be, as well as any other citizen might set up a new claim, as for lands open to be entered by every citizen indifferently. The caveator has no right then under this act j he lias not claimed in due time.
It is next contended, he has title under the act of limitations. 17! 5, eh. 27, sec. 3 “ No person nor persons, nor their heirs, which shall hereafter have any right or title to any lands, tenements orhereditamentsy shall thereunto enter or make claim, but within seteti- years after his, Iter or iheir tight or title which descend or accrue j and in default, he shall be utterly excluded and disabled *540 from any entry or claim thereafter tobe made.” The act of limitations was made to quiet disputes arising between different parentees of the same land, and those claiming under them. It supposes the land to have been already appropriated. It never speaks when the question concerns vacant lands. The preamble shews, it was never intended to operate against the King or the Lords Proprietors. The right or title to be barred by a neglect to enter within seven years, is a right or title which by the common law may be preserved by entry — a jus jwssessionis derived under some grant of appropriation— a right totally distinct from the jus pre emptioms created by the entry laws. The latter is acquired by the circumstances mentioned in the entry laws, and is lost by not being executed in due time. The former is acquired originally by grant actually issued, and is continued and transmitted down by mesne conveyances or descents, and may be lost by seven years adverse possession of another. The land now in dispute never was appropriated, and therefore, neither of tlie parties caii acquire or lose any right under the ac< of limitations.
It is next argued, that the caveator lias title under the act of 1791, ch. 15. “ Where any person or persons, or those under whom he or they claim, shall have been or shall continue to be in possession of any lands, tenements 1 or hereditaments, under titles derived from sales made either by creditors, executors or administrators of any person deceased, or by husbands and their wives, or by endorsement of patents or other colorable title, for the space of twenty-one years, all such possessions under such title-., snail be and are hereby ratified, confirmed and de-dared to be a good and legal bar against the entry of any person or persons under the right or claim of the Siate, &c. provided the possession so set up, shall have been ascertained and identified under known and visible lines and boundaries.” Before this act, persons whose lands had been actually surveyed and marked, and who had obtained patents which had been lost, and no registration of them to be found, were liable to be turned out of possession, and in some instances, bad actually lost their I ends by persons wiio entered claims for them as vacant lands, though there was every reason to suppose from the length of possession, and from the visible boundaries claimed, that the lands had ohee been appropriated. The act of *541 limitations was no protection to sucb persons, and justice required for their safety, that some, length of possession under such circumstances should be taken as evidence of a former appropriation and grant — and should bar the State and those claiming under it ; to this end the act was made. It never applies, but where the circumstances of twenty-one years possession, and known and visible boundaries, induce a presumption of a former grant. This act is bottomed upon that, presumption. It operates upon the supposition of a former grant now lost, and not otherwise. In the present case, it is admitted on both sides, that the lands in dispute are vacant lands — they cannot therefore be a subject for the operation of this act. and consequently the caveator can have no title under it.